Nicholson, C. J.,
delivered the opinion of the court:
This is a suit by Louis Selby’s administrator against R. Cl Brinkley, as indorser of a note of $30,000, made by A. Street, on the 17th of November, 1859, payable to J. C. Dougherty, on the 1st of January, 1863, and indorsed by J. O. Dougherty and R. C. Brinkley. It is averred in the declaration that at its maturity the note was regularly protested for nonpayment, and that Brinkley had due notice of demand and nonpayment by the maker. Among other pleas, Brinkley relied on that of want of demand and notice, and on this plea there was issue. Simultaneously with the indorsement of the note by Dougherty and Brinkley, the maker, Street, executed a conveyance in trust to JV1. J. Wicks, of real estate in Memphis, estimated to be worth $60,000, for the protection and saving harmless of Dougherty and Brinkley, by reason of their said indorsements. The cause was tried before Judge Halsey, without a jury, when he was of opinion, upon the proof and the law, that Brinkley was discharged of his liability by reason of the failure of Selby, the holder of the note, to make the proper demand of the maker, and to give the necessary notice to Brinkley. Upon appeal by the plaintiff to this court, the cause was heard at a former term, and this court affirmed the judgment 'of the circuit court, but upon petition for rehearing, the judgment of affirmance was set aside, and the cause ordered to be reheard.
We have considered carefully the facts as set out in the record, as well as the elaborate arguments which have been filed in the cause, and are satisfied with the opinion of the court delivered on the former hearing, so far as it holds that the proper steps were not taken by the holder of the note, by proper demand and notice, to fix the liability of Brinkley. We deem it unnecessary, therefore, to repeat the reasoning and the authorities on which that conclusion was rested. But in the opinion of *221 the court delivered on the former hearing, it was deemed unnecessary to decide the question whether Brinkley’s liability was fixed by the taking of the trust deed before referred to, for the reason that the court did not regard the question as properly raised by the pleadings. The court said: “In order that plaintiffs should be able to charge defendant on the ground of waiver of notice by taking security, the declaration should have averred the facts constituting the waiver, or, at least, they should have been replied to defendant’s plea of want of notice. But, as we have seen, the declaration avers demand, protest, and notice, and the plea expressly denies notice; and upon this matter, and others not affecting this question, the cause was tried.” The court then proceeds -to cite the authorities to show that, “when no notice whatever has been given, the absconding of the party, or other circumstances in excuse of notice, should be stated.” This is unquestionably a sound rule of pleading, and its correctness is fully sustained by the standard authorities. But an apparent exception to the general rule is recognized by many authorities, and among them by some in our own state, co the effect that when, by promise to pay the debt, with full knowledge of the facts and the law, or by taking indemnity in a way to show that an absolute instead of a conditional or contingent liability is assumed, in such cases proof of such assumption of absolute liability may be made, although there is only an averment in the declaration of proper demand and notice. The reason of the exceptional rule is obvious; for wherever it is shown that the indorser has waived his conditional liability, and agreed to pay the debt absolutely, no demand or notice is necessary. Golladay v. Bank, 2 Head, 64. But whether, as a question of pleading, this exceptional rule is properly adopted, it is not necessary to determine in this case.
It is earnestly insisted for plaintiff that this court erred in holding that under the pleadings they could not look *222 to tbe trust deed for tbe purpose of fixing tbe liability of Brinkley, as indorser; especially, as it is said, as no exception was taken to tbe trust deed as evidence in tbe court below. It is proper to remark that as there was no jury in tbe case below, and as tbe facts as well as tbe law were submitted to tbe judge, there was no necessity for objecting to tbe trust deed as evidence, except so far as it might be regarded as showing an absolute undertaking by Brinkley to pay tbe debt. It is apparent from tbe grounds of bis judgment, as stated by tbe court below,- that be did not regard tbe trust deed as fixing on Brinkley an absolute liability, and therefore be rejected it as competent evidence in making up bis judgment. If tbe case bad been submitted to a jurv, be must necessarily have excluded tbe deed as evidence, under bis view of its legal effect.
Tbe question is therefore narrowed down to tbe point whether, by the taking of indemnity by tbe trust deed, BrinkeJy contracted to be absolutely liable for tbe note. Jí so, tbe circuit judge, as well as this court, erred in bold-ing tbe trust deed incompetent evidence, under tbe pleadings. This presents the question whether Brinkley intended, by accepting" tbe trust deed, to waive- bis position of conditional liability as indorser and to assume- that bf an absolute promise or undertaking to pay tbe note. In this inquiry we are confined to tbe note and to tbe trust deed on the note. "VVe find nothing but tbe simple indorsement of Do-ugberty and Brinkley. No- agreement is indorsed that they waive demand and notice. This omission, if it has any significance, would seem to- indicate that tbe indorsements were not intended to create absolute liability. It appears on tbe face of tbe trust that it was made contemporaneously with tbe indorsement of tbe note by Brinkley for tbe accommodation of Street. This fact is important only as showing that tbe indorsement was made upon tbe consideration that Street would protect and save harmless tbe indorsers. It shows that Brinkley and Do-ugberty were *223 not willing to assume tbe liability of accommodation in-dorsers without being indemnified. It does not show that tliey thereby agreed to become absolutely liable. It is stated in the deed that the object of making it was “for the purpose of protecting and saving harmless Dougherty and Brinkley, as the accommodation indorsers of Street, from the payment of said notes, or any part thereof;” that is, that if Dougherty and Brinkley should have to pay the notes as his accommodation indorsers, then the property conveyed was to be applied in protecting and saving them harmless; in other words, in reimbursing or indemnifying them. It is further provided in the deed that “in the event the said Street fails to pay, or cause to be paid, said notes, or any part thereof, at maturity, or within twenty days after maturity, then the said "Wicks, as trustee, shall, at the request of Dougherty and Brinkley, proceed to sell,” etc. If it had been the-intention of Dougherty and Brinkley to assume absolutely the payment of the notes, it would seem that they would have indicated it by providing for the right to have the property sold, so as to- apply the proceeds in paying the notes at maturity. But, instead of this, they have no right to require the trustee to sell until twenty days after the maturity of the notes. If Dougherty and Brinkley assumed to pay the notes at maturity, it is difficult to see why they not only fail to- secure the right to sell the property in advance of their maturity, but waive the right until twenty days after their maturity. But, viewing the contract as intended to protect and indemnify the indorsers against their liability as. indorsors, we can readily understand that the indorsers would be willing, after their liability should be fixed by proper demand and notice, to postpone the action of the trustee for twenty days for the accommodation and benefit of the- maker of the note. We think it obvious that the contract was made by Dougherty and Brinkley upon the assumption that their liability as indorsers would most probably be made *224 absolute by proper steps taken by tlie bolder of tlie note, and it was protection and indemnity against this liability which they were providing for, and not an absolute liability assumed at the time of taking the trust deed. Whether they would have any interest in the trust deed or not was to depend upon the fact whether their contingent liability as indorsers should be converted into an absolute liability by proper demand and notice. It results that the circuit judge was correct in holding that the trust deed did not fix upon Brinkley the absolute obligation to pay the note, and this court was not in error in holding that under the pleadings the trust deed could- not be looked to as furnishing evidence of a waiver of demand and notice. The judgment of the court below is therefore affirmed.